UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

v.                                              Criminal No. 11-cr-159-JD

Ulrick Lucien

O R D E R

On November 16, 2011, a federal grand jury returned an indictment charging Ulrick Lucien with making a false statement during the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). On May 30, 2012, the grand jury returned a superseding indictment which added a charge of making a false statement in required information kept by a firearms dealer in violation of 18 U.S.C. § 924(a)(1)(A) ("Count Two"). Lucien moves to dismiss Count Two, arguing that the government failed to allege that his false statement was material, which he contends is an essential element of the crime charged.[1] The government objects to the motion.

---

[1] While Lucien's motion to dismiss the superseding indictment was pending, the grand jury returned a second superseding indictment. Count Two of the second superseding indictment is identical to Count Two of the superseding indictment. Because Count Two in the superseding and second superseding indictments are the same, the court will consider Lucien's motion. See, e.g., United States v. Lee, 622 F.2d 787, 789 (5th Cir. 1980); cf. United States v. Gallant, 2010 WL 411232, at *1 (D.N.H. Jan. 27, 2010)

Discussion

Lucien moves to dismiss Count Two of the superseding indictment, charging him with making a false statement in required information kept by a firearms dealer under 18 U.S.C. § 924(a)(1)(A). Lucien argues that, although the statute does not explicitly require that a false statement be material, an element of materiality should be read into the language concerning false statements made for a dealer's records. He further argues that the government did not allege that his false statement, giving a false address, was material. The government contends that § 924(a)(1)(A) does not contain a materiality requirement.

"[Q]uestion[s] of statutory interpretation . . . begin[] with the plain language of the statute." United States v. Cortés-Caban, --- F.3d ---, 2012 WL 3241979, at *11 (1st Cir. Aug. 10, 2012) (internal quotation marks and citation omitted). "[I]f the meaning of the text is unambiguous," that meaning is controlling. United States v. Godin, 534 F.3d 51, 56 (1st Cir. 2008); see also Correa-Ruiz v. Fortuno, 573 F.3d 1, 9 (1st Cir. 2009).

Section 924(a)(1)(A) makes it a crime for anyone to "knowingly make[] any false statement or representation with respect to the information required by this chapter to be kept in the records of" a licensed firearms dealer. The text of the

statute unambiguously describes which false statements and representations it prohibits - those made with respect to the information required to be kept by federally licensed firearms dealers. The plain language of § 924(a)(1)(A) unambiguously does not contain a materiality requirement. See United States v. Johnson, 680 F.3d 1140, 1144 (9th Cir. 2012); United States v. Sullivan, 459 F.2d 993, 994 (8th Cir. 1972).

In addition, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Kucana v. Holder, 130 S. Ct. 827, 838 (2010) (internal quotation marks and citation omitted). Here, Lucien is charged with violating another section of the Gun Control Act, § 922(a)(6), which contains a materiality requirement in its text. See § 922(a)(6) (prohibiting a false or misleading statement likely to deceive a firearms dealer "with respect to any fact material to the lawfulness of the sale"). Thus, under ordinary rules of statutory construction, it is presumed that Congress acted intentionally in including the word "material" in § 922(a)(6) but not in § 924(a)(1)(A), which is part of the same act. Therefore, § 924(a)(1)(A) does not contain a materiality requirement.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 25) is denied.

SO ORDERED.

*[signature]*
Joseph A. DiClerico, Jr.
United States District Judge

September 12, 2012

cc: Behzad Mirhashem, Esq.
    Debra M. Walsh, Esq.
    U.S. Probation
    U.S. Marshal