UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                         Criminal No. 11-cr-159-JD

Ulrick Lucien

O R D E R

Ulrick Lucien was convicted of charges of making a false statement during the acquisition of a firearm and making a false statement in required information kept by a firearms dealer in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A). Before trial, Lucien moved to exclude certain items of evidence and the government objected. On January 30, 2013, the court held a conference with the parties to discuss the motion.

The government subsequently moved to clarify the court's oral ruling with respect to a case involving Lucien in Lynn District Court and addresses he provided to court personnel on various dates. Lucien moved for an order stating that his proposed stipulation as to that evidence "accord[ed] with this Court's ruling on Defendant's motion *in limine*." On February 4, 2013, the court held another conference with the parties to discuss, among other items, their pending motions concerning the Lynn District Court case.

The motions were resolved prior to trial as follows:

A.   Lucien's Motion to Exclude Evidence

Lucien moved to exclude the following items of evidence: "(A) Any facts concerning Mr. Lucien's prior record, or any prior contact with police offers or the courts, other than (1) he had a case in Lynn District Court and (2) the addresses he provided to court personnel, and the dates on which he provided the addresses; (B) Any conversation between Agent Kelter and Mr. Lucien, or any other evidence, concerning money Mr. Lucien owed to Lynn District Court; (C) Any statement made by Mr. Lucien concerning what he did with the firearms he purchased; [and] (D) Any evidence concerning the alleged recovery of one of the firearms in Boston in May of 2012."[1]

Lucien's motion as it pertains to his prior record ((A) above) was granted in part and denied in part.  Lucien's motion as it pertains to evidence concerning money he owed to Lynn District Court ((B) above) was granted.  Lucien's motion as it pertains to statements he made concerning what he did with the firearms he purchased ((C) above) was granted in part and denied

---

[1] Lucien also filed an addendum to his motion seeking to exclude evidence concerning Lucien's traffic stops other than the addresses he provided during those stops.  The parties later agreed to a stipulation concerning that evidence.

2

in part.  In its objection to Lucien's motion, the government represented that it would not introduce evidence concerning recovery of one of the firearms at trial.  Because the government represented that it would not introduce that evidence, the part of Lucien's motion that sought to exclude that evidence ((D) above) was denied as moot.[2]

B.   Other Motions

The government moved to clarify the court's oral ruling concerning Lucien's case in Lynn District Court and the addresses he provided to court personnel ((A) above).  Lucien moved for a ruling that his proposed stipulation concerning that evidence was consistent with the court's previous oral ruling.  On February 4, 2013, the court held a conference in chambers to discuss, among other things, the parties' motions.  See Minute Entry for proceedings held on February 4, 2013.  At the conference, the parties agreed to the wording of a stipulation concerning that evidence and filed a stipulation the following day.  See document no. 69.  Accordingly, because the parties agreed to stipulate to the facts concerning Lucien's case in Lynn District Court, the

---

[2]The court held a conference in chambers and ruled on Lucien's motion orally.  See Minute Entry for proceedings held on January 30, 2013.

addresses he provided to court personnel, and the dates on which he provided those addresses, the government's motion to clarify and Lucien's motion regarding his proposed stipulation were rendered moot.

## Conclusion

For the foregoing reasons, Lucien's motion to exclude evidence (document no. 54) was granted in part and denied in part. The government's motion to clarify (document no. 62) and Lucien's motion concerning stipulations (document no. 64) were denied as moot.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 13, 2013

cc: Nick Abramson, Esquire
    Behzad Mirhashem, Esquire
    Debra M. Walsh, Esquire